THE STATE OF IOWA, Appellee, v. T. O. LINDOEN, Appellant.

1. **Intoxicating Liquors:** NUISANCE: DEFENSE. It is no defense to a prosecution for the illegal sale of intoxicating liquors that the defendant did not know that the liquor sold was intoxicating.

2. ——: ——: EVIDENCE. A witness for the defendant having testified to the ingredients contained in said liquor, and explained the process of its manufacture, and it being proposed to have said witness put together said ingredients, and show the jury the composition of the liquor in question, *held*, that the court properly refused to permit the experiment.

3. ——: ——: INSTRUCTION TO JURY. The court having instructed the jury that if the liquor in question "was, in fact beer, or intoxicating liquor, then the fact that some men could drink it without feeling the effects of the same would constitute no evidence for the defense," *held*, that the instruction could not be construed as withdrawing from the jury the evidence of witnesses for the defense, who testified that they had drunk the beverage in question, and that it did not intoxicate them.

4. **Practice in Supreme Court:** VERDICT: EVIDENCE. A judgment will not be reversed in the supreme court because of the insufficiency of the evidence where the evidence is conflicting, and there is evidence tending to support the verdict of the jury.

*Appeal from Story District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, MAY 10, 1893.

THE defendant was accused of the crime of keep-
ing for sale and selling, in a place named, intoxicating
liquors, in violation of law, was tried by a jury, and
found guilty. From the judgment rendered on the
verdict, he appeals.—*Affirmed.*

*J. F. Martin,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A.
Cheshire,* for the State.

ROBINSON, C. J.—I. At the time the offense
of which the defendant was convicted is alleged to
have been committed, he had a restaurant
in which he kept for sale, and sold,
beverages of different kinds, one of which,
known as "B. B.," is claimed by the state to have
been intoxicating. To prove that such was its char-
acter the state introduced witnesses who testified, in
effect, that they had drunk it in the defendant's place
of business, and that it was intoxicating; and one, a
chemist, who testified that it contained alcohol. The
defendant testified in his own behalf, and was asked if
he knew at the time he sold the beverage that it would
produce intoxication, and also whether he ever discov-
ered that it made any one drunk, but on the objection of
the state he was not permitted to answer. Ignorance
on the part of the defendant of the fact that the bev-
erage he sold was intoxicating would ,not be a defense
to the charge made against him. He sold the bever-
age intentionally, and did so at his peril. He is charge-
able with knowledge of its real nature and effect. Had
he been permitted to answer the second question in the
negative, it would not have tended to establish a
defense, nor to contradict evidence submitted by the

1. INTOXICATING
   liquors: nui-
   sance: defense

state, for it was not shown that any one had become intoxicated in his place of business by drinking it. One witness testified that it made him "pretty drunk" to drink two bottles of it, but it is not shown that the defendant saw him when he drank it, nor while he was under its influence. We think the action of the court in excluding the answers was correct.

II. The person from whom the defendant purchased the beverage in question testified as a witness 2. ——: ——: for the defendant, naming the ingredients evidence. it contained, and explaining the process of its manufacture. He had the ingredients in the court room, and was asked to put them together, "and show the jury its composition." An objection to his doing so, made by the state, was properly sustained. There was nothing in the experiment proposed which could have enlightened the jury in regard to the effects which the beverage would produce upon persons who should drink it.

III. The court charged the jury as follows: "5. If defendant kept 'B. B.,' and it was not in the least intoxicating, you should acquit; but if 3. ——: ——: in- the B. B. was in fact beer, or intoxicat- struction to jury. ing liquor, then the fact that some men could drink it without feeling the effects of the same will constitute no evidence for defense in this case. If it did intoxicate, or if it did contain as much alcohol as beer, which is intoxicating, then such B. B. was intoxicating; and, if defendant was concerned in keeping or selling the same, or keeping with intent to sell the same, you should convict." The appellant complains that the effect of this instruction was to withdraw from the jury the evidence of several witnesses for the defense, who testified that they had drunk the beverage, and that it did not intoxicate them, nor tend to make them intoxicated. The language of the instruction can not be approved. It is not true that if

the beverage was intoxicating "the fact that some men could drink it without feeling the effects of the same will constitute no evidence for defense in this case." Proof of that fact would be evidence for the defense, but the meaning of the instruction is evidently that if the beverage was beer, or intoxicating, then the fact that some men could drink it without feeling its effects would not constitute a defense. The jury could not have believed that they were authorized to disregard evidence as to the effects of the beverage upon the defendant's witnesses unless they should first find that the beverage was in fact beer, or intoxicating. The term "intoxicating liquor," as used in our statute, includes beer. Code, section 1555. Therefore, if the jury found that the beverage was beer, or intoxicating, evidence that some men drank it without feeling its effects, even though true, could not have affected the verdict, and for that reason the erroneous part of the instruction was not prejudicial.

IV. It is said the verdict is not supported by the evidence. There was much conflict **4. PRACTICE in supreme court: verdict: evidence.** in the evidence, and its weight and value were for the jury to determine. We can not say that it did not authorize the verdict rendered.

The judgment of the district court is AFFIRMED.